1

2

3

4

5

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

6  In re

7  JEFFREY KNAPP WINN,                          No. 10-13868

8                          Debtor(s).
   _____/

9  BAY COMMERCIAL BANK,

10

11                          Plaintiff(s),

12          v.                                    A.P. No. 10-1205

13  JEFFREY KNAPP WINN,

14                          Defendant(s).
   _____/

15

16              Memorandum on Motion to Dismiss
                     _____

17

18          Reduced to its simplest form, the complaint in this matter makes two allegations: that debtor

Jeffrey Knapp lied to plaintiff Bay Commercial Bank about the value of his trucks in order to induce

19

the Bank to make him a loan, and that he sold off the Bank's collateral without its consent. While the

20

case presented by the Bank in its complaint is hardly compelling, only Winn's motion to dismiss the

21

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is now before the court.

22

For purposes of such a motion, all inferences are drawn in favor of the plaintiff.

23

        Winn attacks each "claim" separately, arguing that the whole complaint should be dismissed

24

because each claim is deficient. However, a Rule 12(b)(6) motion addresses the complaint as a whole,

25

not parts of it; such a motion should be granted only when there is no recognized legal theory which

26

1

1 would justify *any* relief under the facts as alleged. Once it is established that relief is possible,

2 dismissal is not appropriate. 27A **Fed.Proc.L.Ed**., Pleadings and Motions, § 62:461.

3       The complaint certainly has its problems. The fraud allegation pursuant to § 523(a)(2) of the

4 Bankruptcy Code lacks any sort of convincing explanation as to why the Bank relied on Winn's

5 valuation of the collateral rather than do its own investigation. The "larceny" allegation under §

6 523(a)(4) is without foundation, as a person cannot commit larceny of his own property. *In re*

7 *Ormsby*, 591 F.3d 1199, 1205 (9th Cir. 2010). The willful and malicious allegation under § 523(a)(6)

8 is unnecessary surplus which adds nothing to the extent it alleges that fraud was done willfully and

9 maliciously.[1]

10       However, the complaint contains the following allegations: "Winn began selling off the vehicle

11 inventory without the Bank's knowledge or consent, thereby converted the vehicles to his own use."

12 (Paragraph 45); "Winn willfully and maliciously caused Bank to suffer injury." (Paragraph 46).

13 While every conversion of collateral does not create a nondischargeable debt, some do. *Davis v. Aetna*

14 *Acceptance Co.*, 293 U.S. 328, 332, 55 S.Ct. 151, 79 L.Ed. 393 (1934). The complaint therefore states

15 facts which could entitle the Bank to a nondischargeable judgment, making dismissal inappropriate. It

16 does not matter, for pleading purposes, whether relief is claimed under § 523(a)(4) or § 523(a)(6).

17       For the foregoing reasons, the motion to dismiss will be denied. Counsel for the Bank shall

18 submit an appropriate form of order which shall provide that Winn shall file an answer within 20 days

19 after its entry.

20 Dated: April 25, 2011

21

22 Alan Jaroslovsky
   U.S. Bankruptcy Judge

23

24

25

---

26    [1]If all the elements of fraud are present, the debt is nondischargeable without reference to § 523(a)(6). If an element is missing, the defect cannot be overcome by invoking § 523(a)(6).

2